**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**U.S. SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**-against-**

**IAN BALINA,**

**Defendant.**

**Civil Action No. 1:22-CV-950-DAE**

**ECF CASE**

**(Jury Trial Demanded)**

**DEFENDANT IAN BALINA'S REPLY IN SUPPORT OF HIS MOTION TO EXCLUDE THE TESTIMONY OF THE SEC'S EXPERT, DR. SHIMON KOGAN**

Defendant Ian Balina ("Balina") hereby files his Reply in Support of his Motion To Exclude The Testimony Of The SEC's Expert, Dr. Shimon Kogan, and respectfully shows as follows:

## I. INTRODUCTION

Dr. Kogan's proffered opinions should be excluded because they do not meet the requirements of Rule 702 of the Federal Rules of Evidence. In its Response, the SEC failed to identify any methodology by Dr. Kogan that would meet Rule 702's requirements. The SEC cannot change Dr. Kogan's admissions. Despite the SEC's "Orwellian" attempt, the SEC cannot change the fact that Exhibit B – falsely – identified documents that Dr. Kogan purportedly "Relied Upon and Considered."[1] The SEC cannot change the fact that Dr. Kogan summarized the methodology as simply "[t]he analysis of the Sparkster Investment Pool is based on a review of documents provided by the SEC as well as publicly available blockchain data."[2]

---

[1] Ex. 2, Dr. Kogan Report at Exhibit B titled "Documents Relied Upon and Considered." Unless noted otherwise, all references to exhibits are references to the exhibits attached to Ian Balina's Motion [Dkt. 19].

[2] *Id.* at ¶30.

Contrary to Dr. Kogan's sworn deposition testimony, the SEC tries to convince the Court that Dr. Kogan actually did the work. The SEC's Response[3] ignores the fact that Balina provided numerous citations to Dr. Kogan's testimony showing that a consulting company, not Dr. Kogan, did the work.[4] The SEC cites to paragraphs 30 to 32 of Dr. Kogan's report and – incorrectly – states:

> Dr. Kogan wrote that **he** reviewed and analyzed data collected from the blockchain, data provided by PrimaBlock, Balina's spreadsheet with information about pool participants, and other documents he specifically listed in Section 4 of his report.

However, paragraphs 30 to 32 are noticeably written in the passive tense. Dr. Kogan did not claim in these paragraphs that he did the work. Instead, as he testified, the consulting company did this work.[5] Dr. Kogan also admitted that (1) the consulting company wrote and revised sections of "his" report[6] and (2) he cannot identify which sections he versus the consulting company wrote.[7] Nor is the SEC's paraphrasing of these paragraphs accurate.

The SEC also tries to avoid Dr. Kogan's sworn testimony that he (1) did not read over twenty-five of the documents[8]; (2) cannot remember whether he read many of the other documents[9]; and (3) did not read other documents in their entirety.[10] First, the SEC incorrectly claims that Exhibit B is a listing "of all documents and materials made available to Dr. Kogan." Response at 10. However, contrary to the SEC's claim, Exhibit B is entitled "Documents Relied Upon and Considered" – not "materials made available" to Dr. Kogan. Next, the SEC blames Balian's counsel. Response at 11. However, Dr. Kogan was free to say – as he did many times – that he did not recall whether he had

---

[3] SEC's Response at 10.

[4] Ex. 1, Depo. at 39:5-8; 39:21-24; 45:21-23; 50:14-23; 50:24-51:9; 54:12-15; 56:9-18; 76:7-15; 77:10-78:1; 80:4-81:11.

[5] *Id.*

[6] *Id*. at 16:23-17:4.

[7] *Id.* at 18:5-22.

[8] *Id.* at 96:8-11; 99:15-25; 100:7-15; 101:1-16; 101:20-23; 109:1-6; 110:11-19; 113:14-18; 114:19-20; 115:14-15; 115:18; 116:9-10.

[9] *Id*. at 100:1-6; 100:16-25; 102:9-12; 111:5-21; 114:24-115:12; 115:21-116:5; 116:20-21; 123:2-25.

[10] *Id*. at 99:3-14; 103:19-104:1; 108:7-12; 116:6-8; 116:24-117:2.

read the documents. Dr. Kogan recently submitted an errata sheet containing direct contradiction to some of his admissions. However, even with those reversals, many of his admissions remain and it is not clear whether he actually read the documents in their entirety.

Because the SEC has not met its burden to show that Dr. Kogan's opinions meet the requirements of Rule 702, Balina respectfully requests that the Court exclude Dr. Kogan's testimony.

## II. ARGUMENTS AND AUTHORITIES

The SEC's Response identified four areas of testimony that the SEC asks the Court to allow. Balina will address each of the four areas. In each case, the SEC has not – and cannot – show that Dr. Kogan's proffered testimony meets the requirements of the Federal Rules of Evidence.

### A. Dr. Kogan's Opinion That Balina Controlled The Investment Pool Does Not Meet The Requirements Of Rule 702.

This is the first time ever that Dr. Kogan has been offered as an expert.[11] Neither he nor the SEC claim that he has ever opined as to whether a person controlled an investment pool. Nor does Dr. Kogan or the SEC claim that Dr. Kogan has ever been involved in such a determination outside of litigation. Because Dr. Kogan has never done this work, the SEC is left with generally referring to papers that Dr. Kogan has participated in to show his experience in the area. Response at 15-16.

However, even the SEC does not claim that any of these papers have anything to do with determining whether an individual controls an investment pool. For example, the SEC does not attempt to explain how papers entitled (1) "Business Microloans for U.S. Subprime Borrowers"; (2) "Is Investor Rationality Time Varying? Evidence from the Mutual Fund Industry": (3) "Coordination in the Presence of Asset Markets"; (4) "Pure Momentum in Cryptocurrency Markets": and (5) "Corporate Disclosure: Facts or Opinions?" have anything to do with Dr. Kogan's proffered opinions.

Nor does the SEC attempt to claim that any of these papers serve as the basis or methodology

[11] *Id.* at 6:14-16.

for his opinions. The reason is simple: this is the first time that Dr. Kogan was ever asked – in litigation or outside of litigation – to determine whether a person controlled an investment pool and, perhaps, more importantly, he did not follow any proper methodology in forming his opinion.

In his Motion, Balina challenged the SEC to show that Dr. Kogan's "methodology" met the requirements of Rule 702. However, the SEC failed to meet this challenge or the requirements of Rule 702. Below is how the SEC and Dr. Kogan performed on the five factors set forth in Rule 702 and *Daubert:*

| **Rule 702 Factor**[12] | **Dr. Kogan's "Methodology"** |
|---|---|
| 1. The methodology can be or has been tested. | **NO** |
| 2. The methodology has been subjected to peer review and publication. | **NO** |
| 3. There is a known or potential rate of error of the methodology. | **NO** |
| 4. The existence and maintenance of standards controlling the technique's operation. | **NO** |
| 5. Whether the methodology has achieved widespread acceptance. | **NO** |

The SEC's Response wholly fails to show that Dr. Kogan's "methodology" and proffered opinions pass any of these tests. The SEC does not dispute that the SEC bears the burden to show that the testimony is reliable under Rule 702. *Moore v. Ashland Chem. Inc.,* 151 F.3d 269, 276 (5th Cir. 1998) (en banc). The SEC has failed to meet its burden.

The SEC tries to leave the impression that the work done by the consulting company is mysterious and requires highly specialized skill. That is not the case. The wallets or addresses for the members of the pool, including Balina, and Primablock are all known. The consulting company simply took two datasets and found the matches. The consulting firm also used the publicly available

[12] *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 593-94, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

Ethereum blockchain and Balian's wallet or address to identify his transactions. This again simply involves the matching of data in two datasets. In both cases, this can be done using Excel or some other application. Then, the consulting firm created the charts contained in the report. Even Dr. Kogan admitted that a middle-school student could have created the charts from the data that the consulting company compiled.[13] As he testified, it does not require any specialized skill.[14]

From this rudimentary work with publicly available data, with no citation to any established methodology, treatise, study or academic article, Dr. Kogan derived his ipse dixit "control" opinion. Because the SEC has not met its burden and the requirements of Rule 702, the Court should exclude this testimony.

**B. Dr. Kogan's "Opinion" Concerning Balina's Purchase Of Sparkster Tokens In The Pool Does Is Inadmissible.**

The SEC has retreated from any opinion by Dr. Kogan that Balina purchased ***more*** than $104,883 of Sparkster tokens in the pool. Response at 18. Now, Dr. Kogan's opinion is that Balina purchased 150 Ethereum (approximately $104,883) worth of Sparkster tokens in the pool.[15] However, that is not an opinion. Instead, it is a fact. A fact that that Balina confirmed during his deposition – a deposition that predates Dr. Kogan's report.[16]

Testimony from Dr. Kogan concerning this established and undisputed facts is not necessary and would not assist the jury. Therefore, this not an opinion and certainly does not constitute admissible expert testimony.

---

[13] *Id.* at 39:21-24; 41:3-19; 42:9-11; 43:24-44:13; 49:18-50:5.

[14] *Id.* at 44:14-21.

[15] Ex. I to the SEC's Response at ¶4.5.

[16] The slight difference in the dollar value of the 150 Ethereum is based on the basis for valuation of an Ethereum on the date of purchase.

**C. Dr. Kogan's Opinion About Promoters Purported Significant Role In ICOs Does Not Meet The Requirements Of Rule 702.**

Dr. Kogan failed to conduct any study to come to his purported opinion as to the role of promoters. Dr. Kogan failed to follow any methodology to come to this purported opinion. In its Response, the SEC failed to show any work, study or methodology that Dr. Kogan utilized.

The sole basis for this purported opinion consists of a few articles, none of which were authored or co-authored by Dr. Kogan.[17] Neither Dr. Kogan nor the SEC even attempt to show or explain how these articles support his proffered opinion. Nor do Dr. Kogan or the SEC identify any study or accepted methodology in any of these articles that would support his proffered testimony. A closer look at how these articles were cited shows that these articles do not support his proffered opinion. Furthermore, neither Dr. Kogan nor the SEC claim to have conducted a survey of any peer-reviewed articles on this subject.

The SEC would have the Court change Rule 702 and Supreme Court precedent to allow the expert testimony of any professional in any area, as long as that professional read an article that may or may not have been peer-reviewed, regardless of whether that professional has conducted any study as to the specific opinion or met the established requirements of Rule 702.

Because that is not the law, the Court should exclude this proffered opinion.

**D. The Court Should Exclude Dr. Kogan's Non-Opinion "Background" Testimony.**

The SEC admits that Dr. Kogan's "background and context" testimony does not constitute opinion testimony. Response at 20. The SEC's admission should be the end of the SEC's attempt to introduce this unidentified non-opinion "background and context" testimony.

The SEC then urges the Court to allow Dr. Kogan to testify as to the "technical terms and

[17] The SEC also makes the unsubstantiated claim that this opinion is based on Dr. Kogan's "education and experience." However, the SEC does not – and cannot – identify any prior study or work by Dr. Kogan concerning an alleged promoter's role in ICOs.

testimony that will be elicited at trial." Noticeably, the SEC failed to identify any technical terms that need to be defined by Dr. Kogan. Nor has the SEC identified any technical term that is the subject of any disagreement by the parties. Furthermore, the terms that will be used are common in today's world and can be defined by agreement, as in many cases. This is not a technical patent case. The SEC's inability to identify any terms that Dr. Kogan would need to define shows the fallacy of the SEC's claim.

The SEC's attempt to have Dr. Kogan testify as to the "context" of unidentified "testimony that will be elicited at trial" is improper. The jury can determine the "context" of the testimony that will be elicited at trial. The SEC failed to show any need for Dr. Kogan to provide his personal "context" for such testimony.

Additionally, because the testimony has not yet been elicited, the SEC and Dr. Kogan cannot identify Dr. Kogan's future "context" testimony for the future trial testimony. This is a recipe for an ambush and is prohibited by the Court's Agreed Scheduling Order [Dkt. 16] concerning expert designations and Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. The SEC also failed to provide any authority for the proposition that an expert should be allowed to provide "context" for testimony that may be elicited at trial. Finally, the SEC is represented by experienced counsel who can provide whatever "context" the SEC thinks is appropriate through their questioning of the witnesses, opening statement, and closing argument.

Therefore, the Court should exclude Dr. Kogan from providing "background" testimony concerning technical terms and "context" testimony concerning testimony that may be elicited at trial.

## III. CONCLUSION

For the reasons discussed above, Defendant Ian Balina Burbach respectfully requests that the Court grant his Motion To Exclude The Testimony Of The SEC's Purported Expert, Dr. Shimon Dr. Kogan, and further requests that the Court grant him all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Michael L. Navarre*

Michael L. Navarre
State Bar No. 00792711
mnavarre@bnsfirm.com
BEATTY NAVARRE STRAMA, PC
901 S. MoPac Expy., Building 1, Suite 200
Austin, Texas 78746
(512) 879-5050
(512) 879-5040 (facsimile)

ATTORNEYS FOR DEFENDANT,
IAN BALINA

**<u>CERTIFICATE OF SERVICE</u>**

I certify that I served a true and correct copy of the foregoing instrument on the counsel of record below by email on this 11th day of October, 2023:

Fernando Campoamor Sánchez
Ivan J. Snyder
U.S. Securities and Exchange Commission
100 F Street N.E.
Washington, DC 20549

*Counsel for Plaintiff Securities and Exchange Commission*

*/s/ Michael L. Navarre*
Michael L. Navarre