UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, § § §  Plaintiff, § § vs. § § IAN BALINA, § §  Defendant. § § § § | No. 1:22-cv-950-DAE |

ORDER GRANTING DEFENDANT'S MOTION TO CERTIFY AN
<u>INTERLOCUTORY APPEAL</u>

Before the Court is Defendant Ian Balina's ("Defendant") Motion to Certify an Interlocutory Appeal of the Court's May 22, 2024 Order on Cross Motions for Summary Judgment (Dkt. # 44).  The Court finds this matter suitable for disposition without a hearing.  After careful consideration of the motion and memoranda filed in support and in opposition, the Court, for the reasons that follow, **GRANTS** Defendant's Motion to Certify an Interlocutory Appeal.

<u>BACKGROUND</u>

The SEC filed this lawsuit alleging Defendant violated Section 5(a), 5(c), and 17(b) of the Securities Act.  (Dkt. # 1 at 2.)  On September 9, 2023,

1

Plaintiff filed his Motion for Summary Judgment. (Dkt. # 23.) On November 21, 2023, the SEC filed its Cross Motion for Partial Summary Judgment. (Dkt. # 33.)

On May 22, 2024, the Court issued an Order granting in part and denying in part the SEC's Motion for Summary Judgment and denying Defendant's Motion for Summary Judgment. (Dkt. # 44.) In that Order, the Court determined as a matter of law that United States Securities laws apply to Defendant's conduct. (Id. at 37.) As a result, the Court held that Defendant violated Section 5(a) and 5(c) of the Securities Act. (Id.) The SEC's claim under Section 17(b) of the Securities Act remains to be tried against Defendant.

On June 14, 2024, Defendant filed the instant motion seeking a certification for interlocutory appeal. (Dkt. # 47.) On July 5, 2024, the SEC filed a response. (Dkt. # 51.) The ruling that Defendant seeks to appeal is that "Section 5(a), 5(c), and 17(b) of the Securities Act apply to Balina's conduct in this case as a matter of law." (Dkt. # 47 at 1.) Defendant does not seek to appeal the Court's decision that the SPRK tokens are securities as a matter of law. (Dkt. # 44 at 37.)

## LEGAL STANDARD

A district court may certify an interlocutory appeal from an order if the judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination

of the litigation." 28 U.S.C. § 1292(b). "Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed." Mae v. Hurst, 613 Fed. App'x 314, 318 (5th Cir. 2015) (quoting Allen v. Okam Holdings, Inc., 116 F.3d 153, 154 (5th Cir. 1997)). The decision to permit such an appeal is within the district court's sound discretion. See Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 47 (1995).

## DISCUSSION

I.   Controlling Question of Law

"[A] question of law is 'controlling' within the meaning of Section 1292(b) only if [the] resolution of that issue could have an immediate impact on the course of the litigation." Oasis Research, LLC v. EMC Corp., Nos. 4:10-CV-435, 4:12-CV-526, 2015 WL 5318119, at * 4 (E.D. Tex. Sept. 11, 2015) (internal citation omitted); Ryan v. Flowserve Corp., 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006) ("[C]ourts have found the issue of whether an interlocutory appeal involves a controlling question of law to be 'closely tied' to the requirement that the appeal will materially advance the ultimate termination of the litigation.")

Here, Defendant asks the Court to certify for interlocutory appeal the legal issue of extraterritoriality. (Dkt. # 47 at 2.) Defendant also argues there is a difference among the Circuits concerning the applicable test to determine extraterritoriality. (Id. at 1–2.)

3

The Court finds the question of law is controlling because the resolution of extraterritoriality will have an immediate impact on the course of the litigation.  See Oasis Research, LLC, 2015 WL 5318119, at * 4.  This is so because the determination of whether Defendant's conduct was domestic will effectively resolve the litigation as extraterritoriality issues encompass each of these alleged violations of the Securities Act.

The SEC argues none of Balina's arguments for certification address the Court's holding regarding promotions and Section 17(b).  (Dkt. # 51 at 5.)  The Court disagrees.  To hold a defendant liable under Section 17(b) of the Securities Act, the SEC must establish that the statute may be applied domestically.  Abitron Austria GmbH, 600 U.S. 412, 419 (2023).

If the Fifth Circuit were to hold that Defendant's conduct regarding sales and offers was not domestic, that holding would reverse the Court's judgment in favor of the SEC regarding Section 5(a) and Section 5(e) of the Securities Act.  Moreover, a holding that Defendant's conduct was not domestic regarding promotions would also result in the dismissal of the SEC's Section 17(b) claim.  Accordingly, the question presented for interlocutory certification is controlling because a Fifth Circuit holding in favor of Defendant's position would have an immediate impact on, or result in the ultimate termination of, this litigation.

II.     Substantial Ground for Difference

"Degrees of legal doubt escape precise quantification." Flowserve Corp., 444 F. Supp. 2d at 723 (internal citation omitted). However, courts have found substantial ground for difference of opinion where:

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

Id. at 723–24 (quoting 4 Am. Jur. 2d Appellate Review § 128 (2005)). However, simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement." Id. at 724 (quoting Wausau Bus. Ins. Co. v. Turner Constr. Co., 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001)).

The Court's Order addressed a question of first impression in the Fifth Circuit by construing rules and tests from a limited set of Circuit opinions across the country. (Dkt. # 44.) It may be argued that the Circuits, including the Fifth Circuit, have not settled on a legal definition of extraterritoriality. The applicable tests at issue can be broken into three categories under the Securities Act: sales, offers, promotions.

A. <u>Offers and Promotions</u>

As to offers under Section 5(e) and promotions under Section 17(b), the Court determined the domestic transaction test established in <u>Morrison v. National Australia Bank Ltd.</u> did not apply to the Court's extraterritoriality analysis. (Dkt. # 44 at 16.) Therefore, the Court looked to other tests to determine the conduct relevant to the focus of the statute. (<u>Id.</u>) Specifically, the Court used the focus of congressional intent to determine whether domestic conduct occurred. (<u>Id.</u>) The Court also looked to the parties and interests that the statute intends to protect. (<u>Id.</u> at 17); <u>Abitron</u>, 600 U.S. at 418. Based on this analysis, the Court found Defendant used United States channels, like United States social media networks, to target United States investors. (Dkt. # 44 at 17.) Therefore, the Court concluded that Section 5(e) and Section 17(b) may apply to Balina's offers and promotions under the Securities Act. (<u>Id.</u> at 19.)

B. <u>Sales</u>

With respect to sales of securities under Section 5(a), the Court used the domestic transaction test from <u>Morrison</u> to determine whether the sales occurred domestically. (<u>Id.</u>) To apply <u>Morrison</u>, both Defendant and the SEC argued that this Court should adopt the irrevocable liability standard articulated by the Second Circuit in <u>Absolute Activist Value Master Fund Ltd. v. Ficeto</u>, 677 F.3d

6

60, 68 (2d Cir. 2012) to determine whether the alleged promotions occurred at locations outside the United States. (Id. at 20.)

The Court looked to other courts in the Second and Tenth Circuits that have found that a domestic transaction occurs when either the seller or the buyer is present in the United States. Williams v. Binance, No. 22-972, 2024 WL 995568, at *140 (2d Cir. Mar. 8, 2024); SEC v. Traffic Monsoon, LLC, 245 F. Supp. 3d 1275, 1295 (D. Utah 2017) aff'd sub nom. SEC v. Scoville, 913 F.3d 1204 (10th Cir. 2019). The Court accordingly concluded Defendant's transactions at issue were domestic. (Dkt. # 44 at 21.)

Defendant further argued the test advanced in Parkcentral Glob. HUB Ltd. v. Porsche Auto. Holdings SE, 763 F.3d 198, 216 (2d Cir. 2014) should apply to the sales analysis. But the Court noted both the First and Ninth Circuits have declined to follow Parkcentral, stating that it is inconsistent with Morrison. See SEC v. Morrone, 997 F.3d 52, 60 (1st Cir. 2021) ("[W]e reject Parkcentral as inconsistent with Morrison."); Stoyas v. Toshiba Corp., 896 F.3d 933, 950 (9th Cir. 2018) ("[T]he principal reason we should not follow the Parkcentral decision is because it is contrary to Section 10(b) and Morrison itself."); In re Volkswagen AG Sec. Litig., 2023 WL 2505539, at *10-11 (E.D. Va. Mar. 14, 2023) (rejecting Parkcentral as inconsistent with Morrison). Thus, the Court did not rely on Parkcentral in its analysis. (Dkt. # 44 at 22.)

7

Because the Fifth Circuit has not ruled on a particular extraterritoriality test, it is an independently sufficient basis to find a substantial ground for difference of opinion and to certify an interlocutory appeal. Accordingly, the Court finds that a substantial difference in opinion exists about what standard to apply and whether Defendant's conduct is extraterritorial.

III.    Materially Advance the Ultimate Termination of the Litigation

In evaluating this statutory requirement, "a district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." Coates v. Brazoria Cnty Tex., 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013) (internal citation omitted).

As explained in subsection I of this Order, an immediate appeal would materially advance the ultimate termination of the litigation.  If the Fifth Circuit were to reverse this Court's Order and hold that Defendant's conduct was not domestic and instead extraterritorial, all of the SEC's claims would result in dismissal.  In addition, such a holding would eliminate the need for trial on the SEC's remaining Section 17(b) claim.  Therefore, certification of an interlocutory appeal is warranted.

CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Defendant's Motion to Certify an Interlocutory Appeal of the Court's May 22, 2024 Order.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, August 16, 2024.

_____
David Alan Ezra
Senior United States District Judge